## A. F. STOCKTON, Respondent, v. JOHN AINSFIELD COMPANY, Appellant.

### Kansas City Court of Appeals, May 18, 1914.

1. **DRUMMER: Dual Employment: Consent.** A travelling salesman was employed by the year at $1800 to sell another's goods. He carried lines for other houses in competition with his employer. It was *held* that if this was without his employer's knowledge and consent, it would prevent his recovering his salary; but it being shown to be advised and consented to by his employer, it did not.

2. **PLEADING: Objection: Instruction.** An objection to a petition in the absence of objection before or during the trial cannot be made by an instruction.

Appeal from Livingston Circuit Court.—*Hon. Arch B. Davis,* Judge.

AFFIRMED.

*Scott J. Miller* for appellant.

*Frank Sheetz* for respondent.

ELLISON, P. J.—This action is to recover $300 alleged to be due plaintiff, on account of employment as a salesman for defendant. The case was tried without a jury and the finding and judgment were for the plaintiff.

Stockton v. Ainsfield Co.

We do not see how we can heed defendants request to reverse this judgment. The whole case turns on the belief of the testimony of the witnesses. We must accept plaintiff's testimony as the facts in the case. From that it appears he was employed by defendant, who resides in Ohio, as a traveling salesman to sell its goods to merchants in Missouri. He acted under that employment for several years, at first for $1500 and afterwards for $1800 per year and expenses, payable monthly. The chief defence is that while engaged in defendants service he carried and sold other goods for other persons in competition with defendants. That, standing alone, would be a breach of his duty as defendants employee which would debar him of a right to recover his present claim. But if the testimony which he gave for himself is true, the apparent wrong is clearly explained away. It seems to be recognized that a travelling salesman for a better class of goods will be more successful if he can supply his trade with a cheaper class. The merchant to whom he sells will thus be enabled to meet the tastes and necessities of the purchasing consumers. Plaintiff, with other salesmen, made this known to defendant and it was with its knowledge and consent that he sometimes carried other lines. He testified that one of defendant's officials recommended one, or more, houses whom he should serve in that way. The hypothesis of defendants knowledge and consent was submitted in three declarations of law asked by it and given by the court, and we consider the finding determined the fact in plaintiff's favor.

Defendant sought by declaration Number 8, refused by the court, to make of plaintiffs petition "an action on *quantum meruit*. No objection was made to the petition before or at the trial and it should not be taken by way of an instruction. But considering the declaration of law, as it was perhaps intended, it required plaintiff to show that he did perform labor"

and "did travel" during *all* of the two months for which he sues, and did sell or attempt to sell goods. This was in the face of plaintiffs testimony that he did not and was not expected to in the months mentioned. To have given it would have been to cut out a part of plaintiffs case.

Defendant asked a declaration at the close of the testimony, in the nature of a demurrer to the evidence, and this will cover an additional point made in avoidance of the judgment, viz, that plaintiff was discharged during the course of the first of the two months in dispute, and that he accepted or acquiesced in that act of defendants. We have examined the evidence on that head and find it does not establish defendants claim as a matter of law.

We have no right to interfere with the judgment and it is affirmed. All concur.